

FILED
10/26/2016
Date                                 Time
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| Geoff Parnum, | Case No.:   6:16-cv-1874-ORL-40GJK |
| Plaintiff, | |
| vs. | **DEMAND FOR JURY TRIAL** |
| Bonneville Billing & Collections, Inc.; and DOES 1-10, inclusive, | |
| Defendants. | |

## COMPLAINT & JURY DEMAND

For this Complaint, Plaintiff, Geoff Parnum, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

### PARTIES

3. Plaintiff, Geoff Parnum (hereafter "Plaintiff"), is an adult individual residing in Melbourne, Florida 32940, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant, Bonneville Billing & Collections, Inc. (hereafter "Bonneville"), is a company with an address of 1186 East 4600 South, Suite 100, Ogden, Utah 84403, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5. Does 1-10 (the "Collectors") are individual collectors employed by Bonneville and whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

6. Bonneville at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

7. Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

8. The alleged Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9. The alleged Debt was purchased, assigned or transferred to Bonneville for collection, or Bonneville was employed by the Creditor to collect the alleged Debt.

10. Defendants attempted to collect the alleged Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Bonneville Engages in Harassment and Abusive Tactics

11. Within the last year, Bonneville called Plaintiff's place of employment in an attempt to collect the Debt.

12. On or about November 10, 2015, Plaintiff spoke with Bonneville and asked that it cease placing calls to his place of employment.

13. Nevertheless, Bonneville called Plaintiff's place of employment on November 13, 2015.

14. In addition, on or about November 12, 2015 Bonneville called Plaintiff's girlfriend and disclosed to her that it was a debt collector attempting to collect the Debt from Plaintiff.

15. This disclosure caused Plaintiff a great deal of stress and embarrassment.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. Defendants contacted Plaintiff's girlfriend for a purpose other than to confirm or correct location information, in violation of 15 U.S.C. § 1692b.

18. Defendants contacted Plaintiff at a place known to be inconvenient for Plaintiff, in violation of 15 U.S.C. § 1692c(a)(1).

19. Defendants called Plaintiff at his place of employment despite Plaintiff's request that such calls cease, in violation of 15 U.S.C. § 1692c(a)(3).

20. Defendants communicated with Plaintiff's girlfriend regarding the Debt, in violation of 15 U.S.C. § 1692c(b).

21. Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt, in violation of 15 U.S.C. § 1692d.

22. Defendants used unfair and unconscionable means to collect the Debt, in violation of 15 U.S.C. § 1692f.

23. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

24. Plaintiff is entitled to damages as a result of Defendants' violations.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendants:

    A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

    C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    D. Such other and further relief as may be just and proper.

### **TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: October 18, 2016

Respectfully submitted,

By: /s/ *Stan Michael Maslona*
Stan Michael Maslona, Esq.
LEMBERG LAW, L.L.C.
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (888) 953-6237
Email: slemberg@lemberglaw.com